**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 18-00290-01

VERSUS                            JUDGE S. MAURICE HICKS, JR.

ANDRES GARCIA-MORA               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion for Compassionate Release filed by Defendant Andres Garcia-Mora ("Garcia-Mora").  See Record Document 37.  Garcia-Mora's *pro se* motion was filed on May 4, 2020.  The Federal Public Defender's Office notified the Court on May 5, 2020 that its office would not be enrolling on behalf of Garcia-Mora.  The Government opposes Garcia-Mora's motion, arguing the Court must dismiss the motion because Garcia-Mora has not exhausted his administrative remedies within BOP.  See Record Document 39.

Garcia-Mora is a native and citizen of Mexico.  On February 20, 2019, he plead guilty to reentry of a removed alien.  See Record Documents 23 & 24.  Garcia-Mora was sentenced to 24 months imprisonment.  See Record Documents 27 & 28.  He is presently serving his sentence at Yazoo City Medium FCI.

In his motion, Garcia-Mora states that the COVID-19 coronavirus has infiltrated the prison walls.  See Record Document 37 at 1.  He requests to be released to return to Mexico "to be there in support [of his family] during this fight against this invisible enemy."  Id. at 1-2.  Garcia-Mora does not state whether he has sought relief through the Bureau of Prisons ("BOP").  However, the Government stated in its opposition that "[BOP]

personnel have confirmed that Garcia-Mora has not submitted a request for reduction in sentence or compassionate release to the facility's warden."  Record Document 39 at 2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

 (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

 (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

 (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Garcia-Mora seeks compassionate release under Section 3582(c)(1)(A).  Under Section 3582(c)(1)(A), the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before

filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1)     prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2)     prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A).  The administrative exhaustion provision of the First Step Act is set out in mandatory terms.  It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  Id.  The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.   Here, Garcia-Mora does not demonstrate that he sought relief from the BOP prior to the filing of the instant motion.

The Court is well aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities.  Yet, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Garcia-Mora's failure to exhaust his administrative remedies or to waive the 30-day waiting period.  Accordingly, the Court does not have authority at this time to grant the relief Garcia-Mora requests. See, generally, Ross v. Blake, --- U.S. ---, 136 S.Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.  For that reason, mandatory exhaustion statutes . . .

establish mandatory exhaustion regimes, foreclosing judicial discretion."); but see Valentine v. Collier, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Judge Higginson, concurring).[1]

The Court shares Garcia-Mora's concerns about the effect of the COVID-19 outbreak in BOP facilities.  However, those concerns are not being ignored by the BOP or this Court.  Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI

---

[1] In his concurring opinion, Judge Higginson stated:

> Second, our reasoning on PLRA's exhaustion requirement does not foreclose federal prisoners from seeking relief under the First Step Act's provisions for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A)(i).  Though that statute contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic. See, e.g., United States v. Russo, No. 16-cr-441 (LJL), 2020 WL 1862294, at *4–5 (S.D.N.Y. Apr. 14, 2020) (holding that, "[d]espite the mandatory nature of [the statute's] exhaustion requirement," the exhaustion bar is "not jurisdictional" and can therefore be waived); United States v. Smith, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2–3 (S.D.N.Y. Apr. 13, 2020) (citing cases); see also Vigna, 2020 WL 1900495, at *5–6 (identifying the difficulties of the First Step Act exhaustion question while ultimately deferring a ruling until the petitioner exhausted his remedies); but see United States v. Raia, 954 F.3d 594, —— (3d Cir. 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020).

Valentine, 2020 WL 1934431, at *8.  This concurrence does not persuade this Court to change its analysis that exhaustion is mandatory and cannot be waived.

Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020). The BOP is actively executing the mandate to immediately review all inmates who have COVID-19 risk factors. This Court believes the BOP is uniquely situated to perform such reviews in the first instance to determine if some type of release, removal, or furlough is appropriate. The better judgment in this instance is to allow the BOP's established process a chance to work.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Garcia-Mora's *pro se* Motion for Compassionate Release (Record Document 37) be and is hereby **DENIED WITHOUT PREJUDICE**. He may re-urge such motion if he exhausts his administrative remedies as required by Section 3582(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of May, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT