**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:18-CR-00290-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ANDRES GARCIA-MORA (01)** | **MAGISTRATE JUDGE HORNSBY** |

## ORDER AND REASONS

Before the Court is pro se Defendant Andres Garcia-Mora's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 31]. Pursuant to his motion, Defendant seeks a reduction of his sentence to time served, arguing "compelling and extraordinary reasons" justify his request. *Id.* at 4. The government opposes the motion. [ECF No. 40]. For the reasons that follow, the motion is DENIED.

On October 24, 2018, Defendant was indicted and charged with Reentry of a Removed Alien in violation of 8 U.S.C. § 1326. [ECF No. 1]. On February 20, 2019, Defendant pleaded guilty to the foregoing offense, and on June 12, 2019, he was sentenced to a term of imprisonment of twenty-four months. [ECF Nos. 23, 28]. By his motion, Defendant asserts the Bureau of Prisons ("BOP") has refused to grant him credit for time spent in custody from August 23, 2018 through February 2, 2019.[1] [ECF No. 31 at 4]. According to Defendant, BOP's failure to grant him this credit constitutes "extraordinary and compelling reasons" warranting a sentence reduction

---

[1] According to the Presentence Investigation Report ("PSR"), Defendant was arrested on August 22, 2018 by the Louisiana State Police for possession of a controlled dangerous substance, driving while intoxicated, no license, possession of an alcoholic beverage in a vehicle and improper lane usage. [ECF No. 26 at 10]. As of May 21, 2019, those charges remained pending. *Id.* at 1, 10. Defendant was arrested by federal authorities on October 25, 2018. *Id.* at 2. From Defendant's submission, it appears BOP has deemed the period of time from August 23, 2018 through February 22, 2019 (roughly the time period from Defendant's arrest by state authorities until his guilty plea in federal court) as "unaccounted time." [ECF No. 31-1 at 3].

pursuant to 18 U.S.C. § 3582(c)(1)(A), and therefore the Court should reduce his sentence to time served.[2] The government responds that Defendant's motion must be construed as a habeas petition under 28 U.S.C. § 2241, the Court does not have jurisdiction over such a motion as Defendant is in custody in Mississippi, and therefore "the Court should dismiss Garcia-Mora's § 2241 motion without prejudice so that he may file his habeas petition in the correct federal district." [ECF No. 40 at 3].

Section 3582(c)(1)(A) permits a court, upon the filing of a motion by the BOP or the defendant after exhausting all administrative remedies, "to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir.2020) (quoting § 3582(c)(1)(A)(i)).[3] Claims that attack prison authorities' determination of the duration of a term of imprisonment, or an alleged failure to grant presentence credit, must be addressed as habeas corpus petitions under 28 U.S.C. § 2241. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985); *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir.2000).

In this matter Defendant does not ask the Court to correct BOP's sentence calculation, but rather, he asks the Court to modify his sentence and circumvent BOP's sentence calculation altogether by reducing his sentence to time served based on his argument that BOP's failure to award him presentence credit is an "extraordinary and compelling reason" to reduce his sentence.

---

[2] According to Defendant, his projected release date is November 5, 2020. He argues that because he has only eight months left on his sentence, and because BOP has failed to give him credit for the six-month period to which he believes he is entitled to credit, the Court should reduce his sentence to time served. [ECF No. 31 at 4].

[3] Prior to the First Step Act of 2018, a district court could grant relief under § 3582(c)(1)(A) only upon a motion filed by the BOP. *Chambliss* at 693 n.1.

Such a motion it would seem is not a § 2241 petition, and it appears the Court has jurisdiction over the request pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See e.g. United States v. Wolfe*, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *United States v. Saldana*, 807 Fed.Appx. 816 (10th Cir.2020) (The First Step Act "authorizes a defendant to ask the *sentencing court* for a sentence reduction under § 3582(c)(1)(A)." (emphasis added)).

Nevertheless, the Court must deny the request as it finds Defendant has not provided extraordinary and compelling reasons to reduce his term of imprisonment to time served.[4] While Defendant believes he is entitled to an additional five months of credit against his federal sentence, the Court finds his belief does not amount to an "extraordinary and compelling reason to reduce his sentence under the First Step Act because there is another remedy for any sentence miscalculation—to file a habeas petition pursuant to 28 U.S.C. § 2241 in his district of confinement. . . ." *Wolfe* at 4. If BOP has erred in executing Defendant's sentence, the district court in the district where he is confined "has always been available to correct the error," and Defendant is not entitled to "do an end-run around the requirements of § 2241 by invoking § 3582(c)(1)(A)(i)." *Id.*

Accordingly, for the reasons set forth above, Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

SIGNED this 26th day of June, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] The government does not argue that Defendant has failed to exhaust administrative remedies under section 3582(c)(1)(A).